

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00051-CR

_____

DUSTIN LEE KAPPEL, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 372nd District Court
Tarrant County, Texas
Trial Court No. 1674736

Before Birdwell, Womack, and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

Appellant Dustin Lee Kappel pled guilty to the third-degree felony offense of deadly conduct in exchange for three years' deferred adjudication community supervision, a $300 fine, and for the State to waive count one in the indictment. *See* Tex. Penal Code Ann. §§ 22.05(b)(1), (e). The State filed its "Second Amended Petition to Proceed to Adjudication" just under two years later, alleging five violations of Kappel's community supervision conditions. Kappel pled "true" to three of the State's allegations. The trial court ultimately found four of the State's allegations "true," and sentenced Kappel to three years' confinement. *See id.* § 12.34 (stating that a third-degree felony punishment is two to ten years' confinement and up to a $10,000 fine).

Kappel's court-appointed appellate counsel has filed a motion to withdraw as counsel and a supporting brief in which he avers that, in his professional opinion, this appeal is frivolous. Counsel's brief professionally evaluates the appellate record and demonstrates why no arguable grounds for relief exist; the brief and withdrawal motion meet the requirements of *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). *See Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991). Counsel also complied with the requirements of *Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014).[1]

---

[1]In *Kelly*, the Court of Criminal Appeals listed additional tasks an appointed lawyer who files an *Anders* brief must perform:

Kappel did not seek access to the appellate record and did not file a pro se response. The State filed a letter response in which it agreed with appellate counsel that there are no meritorious grounds on which to advance an appeal.

After an appellant's court-appointed counsel files a motion to withdraw on the ground that an appeal is frivolous and fulfills *Anders*'s requirements, we must independently examine the record for any arguable ground that may be raised on the appellant's behalf. *See Stafford*, 813 S.W.2d at 511. Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed counsel's brief and the appellate record. We agree with counsel that an appeal would be wholly frivolous and without merit; we find nothing in the appellate record that otherwise arguably might support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).

He must write a letter to (1) notify his client of the motion to withdraw and the accompanying *Anders* brief, providing him a copy of each, (2) inform him of his right to file a *pro se* response and of his right to review the record preparatory to filing that response, and (3) inform him of his *pro se* right to seek discretionary review should the court of appeals declare his appeal frivolous. To this list we now add that appointed counsel who files a motion to withdraw and *Anders* brief must also (4) take concrete measures to initiate and facilitate the process of actuating his client's right to review the appellate record, if that is what his client wishes.

436 S.W.3d at 319 (footnote omitted). The court also required counsel to supply the appellant with the mailing address for the court of appeals. *Id.* at 320.

We grant counsel's motion to withdraw and affirm the trial court's judgment.

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  August 21, 2025